UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MYRNA ABRIL, Individually, and as Special Administrator of the Estate of VICENTE ABRIL, Deceased<br><br>                    Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, Successor-by-Merger to BUFFALO PUMPS, INC., et al.,<br>ATWOOD & MORRILL as Successor-in-Interest to WEIR VALVES AND CONTROLS USA Inc,<br>AURORA PUMP COMPANY,<br>CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION,<br>CRANE CO.,<br>FMC CORPORATION, as Successor-in-Interest to NORTHERN PUMPS and on behalf of its former Peerless Pump and Chicago Pump businesses,<br>GARDNER DENVER, INC.,<br>GENERAL ELECTRIC COMPANY,<br>GOULDS PUMPS LLC,<br>HERCULES, LLC<br>HONEYWELL INTERNATIONAL INC., as SUCCESSOR-IN-INTEREST TO BENDIX CORP.,<br>IMO INDUSTRIES INC., Individually and as Successor-in-Interest to DELAVAL STEAM TURBINE COMPANY,<br>ITT CORPORATION,<br>JOHN CRANE, INC.,<br>JOHNSON CONTROLS, INC.,<br>METROPOLITAN LIFE INSURANCE CO.,<br>UNION CARBIDE CORPORATION,<br>VELAN VALVE CORP.,<br>VIACOMCBS INC., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor-by-merger to CBS Corporation, a | Case No. 3:22-cv-528 |

1

Pennsylvania corporation, f/k/a Westinghouse Electric Corporation,
WARREN PUMPS, LLC., f/k/a WARREN PUMPS, INC.,
WEIL-MCLAIN COMPANY, INC.,
AND,
YORK INTERNATIONAL CORPORATION,

                     Defendants.

(The remainder of this page intentionally left blank)

## NOTICE OF REMOVAL BY DEFENDANT
## YORK INTERNATIONAL CORPORATION

Defendant York International Corporation ("York") hereby removes this action from the Third Judicial Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois, based upon federal-officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting at the direction of an officer or agency of the United States. Pursuant to *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 81 (2014), York Corporation provides the following short and plain statement:

## I.

## PROCEDURAL HISTORY AND BACKGROUND

1. On or about December 23, 2021, Plaintiff initiated a civil action styled *Myrna Abril v. Air & Liquid Systems Corporation,* Case No. 2021-L-001552, in the Third Judicial Circuit Court in Madison County, Illinois. *See* Complaint, attached hereto as **Exhibit A**.

2. York was served with the Complaint on or about February 17, 2022.

3. Plaintiff alleges that Mr. Abril was exposed to asbestos-containing products, from various sources, which occurred while working with asbestos-containing products that were manufactured, distributed, installed, or sold by Defendants. *See* Ex. A, Count 1, ¶ 7. Plaintiff further alleges that Mr. Abril developed lung cancer as a result of his exposure to asbestos from Defendants' products. *Id.* at Exh. A, Count 1, ¶ 16.

4. Plaintiff alleges that Mr. Abril was exposed to asbestos from York products while serving in the U.S. Navy as a steward and seaman from 1965 to 1984. *See* Exh. A, Count 1, ¶ 4. Plaintiff alleges that Mr. Abril was exposed to asbestos aboard the USS Richard E. Kraus, the USS

Turner Joy, and the USS Caloosahatchee (together, "the ships"). The ships were all owned and operated by the U.S. Navy. *See id.*

5. Mr. Abril claims York is liable as a manufacturing defendant under Counts One and Two of the Complaint. *Id.* at Exh. A, Counts 1 through 2. Plaintiff generally alleges that Mr. Abril's lung cancer was caused by defendants' negligence because Mr. Abril was exposed to asbestos from products manufactured, sold, distributed, or installed by defendants without specifying any particular act of York that allegedly caused harm. *See id.* at Exh. A, Counts 1 through 2.

## II.

## BASIS FOR REMOVAL

### A.    Timeliness, Venue, and Notices

6. Under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within thirty (30) days of York's February 17, 2022, notice of Plaintiff's claim that Mr. Abril was allegedly injured due to asbestos exposure that occurred aboard the ships.

7. Venue lies in the United States District Court Southern District of Illinois pursuant to 28 U.S.C. § 1446 because the Complaint was filed in Madison County, Illinois and is currently pending in this District.

8. A completed Civil Cover Sheet is included as an exhibit, attached hereto as **Exhibit B**, respectively.

9. Attached hereto as **Exhibit C** is a complete copy of the entire State Court record, which includes copies of all process, pleadings, and orders served upon York to date in this matter, as well as a copy of the most recent version of the state court docket, as required by 28 U.S.C.

§ 1446(a), the Local Rules of this Court, and/or the Local Rules of the Circuit Court of Madison County, Illinois.

10. Pursuant to 28 U.S.C. § 1446(d), York has filed written notice regarding this Notice of Removal with the Third Judicial Circuit Court of Madison County, Illinois, and will serve the same on counsel for Plaintiff and those defense counsel known to York who have entered appearances in the state court action. A copy of this Notice of Filing Notice of Removal is attached hereto as **Exhibit D**.

11. The requisite filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Illinois.

12. If any question arises regarding the propriety of removal, York respectfully requests the opportunity to present a brief and/or oral argument in support of the removability of this case.

13. Assignment to the Southern District is proper as the Complaint was filed in Madison County, Illinois.

      **B.**    **The Federal Officer Removal Statute Authorizes Removal of This Action**

14. Plaintiff claims that Mr. Abril was allegedly exposed to asbestos while he served aboard the ships, and in which he purportedly encountered or was exposed to equipment that contained asbestos. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442 because, in the manufacture of products for the federal government, York acted under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

15. Though Plaintiff does not expressly allege any particular activity or component that exposed Mr. Abril to any particular product manufactured by York while Mr. Abril served aboard the ships, to the extent Mr. Abril may have been exposed to asbestos associated with any York products aboard the ships, any and all such equipment manufactured and supplied by York for the

federal government was designed and manufactured in accordance with detailed specifications required by the federal government, and was designed and built under the direction and control of the federal government and its officers.

16.     If York products were in fact used on the ships, those products were manufactured for use by the federal government pursuant to contracts and specifications executed by the federal government. Accordingly, York acted pursuant to direction of a federal officer during the performance of agreements to manufacture and sell equipment to the federal government for the ships, including all aspects of warnings associated with any such equipment.

17.     This case therefore is removable based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). The Federal Officer Removal Statute, 28 U.S.C. § 1442, guarantees an absolute right to a federal forum in any civil or criminal action filed in state court "that is against or directed to" a federal officer or "any person acting under that officer," such as a government contractor, when the suit is "for or relating to any act under color of such [federal] office." 28 U.S.C. § 1442(a). All requirements for Federal Officer Removal Jurisdiction are met here.

18.     York, as a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.4 (9th Cir. 2014); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008).

19.     York is entitled to remove this action because Plaintiff's "claims are based upon removing party's conduct 'acting under; the United States, its agencies, or its officers.'" *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012)*; see also In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia*, 790 F.3d 457, 471–72 (3d Cir. 2015) (construing The Removal Clarification Act of 2011, Pub. L. 11251, 125 Stat. 545 (2011) and holding that under the 2011 amendments to the Federal Officer Removal Statute,

defendants no longer need to establish a "causal nexus" between challenged acts and federal authority to support Federal Officer Removal Jurisdiction). Plaintiff's alleged claims as to York are therefore "for or relating to" Mr. Abril's work aboard the U.S. federal government's ships. Plaintiff seeks to recover for injuries purportedly caused by products York manufactured at the federal government's direction and under its control. *Ruppel*, 701 F.3d at 1180.

20. York hereby gives notice of its assertion of the "government contractor defense" to each of Plaintiff's claims. Under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), a government contractor is immune from state tort liability for product defects when (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to the Government's specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512; see also *Getz v. Boeing Co.*, 654 F.3d 852, 861 (9th Cir. 2011) (same).

21. York can establish a colorable federal officer defense to Plaintiff's complaint. To satisfy this requirement, York need not "virtually win" its case. *Ruppel*, 701 F.3d at 1182. "The validity of the defense will present 'complex issues, but the propriety of removal does not depend on the answers.' Instead, the claimed defense need only be 'plausible.'" *Id.* To the extent York equipment was present on the ships, York supplied the federal government with various components and machinery used aboard the ships. Those components were at all times designed and manufactured under contract with the federal government and pursuant to detailed specifications issued by the government.

22. The federal government also issued reasonably precise specifications for product manuals and associated warnings for equipment used on the ships. As to York's products, the federal government oversaw, exercised discretion over, and ultimately approved the content of all

instructional manuals, packaging, and product warnings for York's products intended for use on the ships, to the extent said equipment was present. York's product manuals and any associated product warnings conformed to the federal government's specifications.

23. The federal government was aware of the potential hazards of asbestos by the early 1920s, and the information about asbestos possessed by the federal government far exceeded any information that possibly could have been available to York.

24. Insofar as it is necessary under the Federal Officer Removal Statute following the 2011 amendments to 28 U.S.C. § 1442(a)(1), a "causal nexus" does exist between Plaintiff's claims and York's alleged actions undertaken at a federal officer's direction because York's products were manufactured pursuant to detailed federal government specifications, and any applicable warnings and product manuals York may have provided for products intended for use on the ships, were subject to the federal government's ultimate authority, control, discretion, and approval. *See Leite*, 749 F.3d at 1120.

WHEREFORE, Defendant York International Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1442 and 1446, removes this action from the Third Judicial Circuit Court of Madison County, Illinois.

Dated: March 16, 2022

Respectfully submitted,

_____
Undray Wilks  Bar No. 06196975
undray.wilks@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive
Chicago, Illinois 60606
312.324.1000 (phone)
312.324.1001 (fax)

ATTORNEYS FOR DEFENDANT
YORK INTERNATIONAL CORPORATION

## CERTIFICATE OF SERVICE

I, Undray Wilks, an attorney, hereby certify that on March 16, 2022 a copy of **Notice of Removal by Defendant York International Corporation** was filed electronically with the Clerk of the Court and served upon all counsel of record via CM/ECF system and is available for viewing and downloading from the CM/ECF system.

_____
Undray Wilks