IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MYRNA ABRIL,** individually, and as Special Administrator of Estate of Vicente Abril, deceased, | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 22-cv-528-DWD |
| **AIR & LIQUID SYSTEMS CORP.,** *et al.*, | )<br>)<br>)<br>) |
| **Defendants.** | ) |

**ORDER**

**DUGAN, District Judge:**

This case comes before the Court on the Joint Motion to Dismiss (Doc. 56) filed by Plaintiff Myrna Abril and Defendant York International Corporation. For the reasons detailed below, this Motion will be denied, without prejudice.

In this matter, Plaintiff seeks damages related to the death of her spouse, Vicente Abril, and his exposure to asbestos-containing products allegedly "manufactured, designed, labeled, distributed, supplied, or sold" by Defendants (Doc. 1-1).[1] On March 16, 2022, Defendant York removed the case to this Court asserting jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442 (Doc. 1). York claims that if Mr. Abril was exposed to any of its asbestos-containing products, the exposure occurred while Mr.

---

[1] These Defendants include Air & Liquid Systems Corporation, Atwood & Morrill, Aurora Pump Company, Cameron International, Crane Co., FMC Corporation, Gardner Denver, Inc., General Electric Company, Goulds Pumps LLC, Hercules, LLC, Honeywell International Inc., IMO Industries Inc., ITT Corporation, John Crane, Inc., Johnson Controls, Inc., Metropolitan Life Insurance Co., Union Carbide Corporation, Velan Valve Corp., ViacomCBS, Inc., Warren Pumps, LLC, Weil-McLain Company, Inc., and York International Corporation.

1

Abril was serving in the U.S. Navy, and therefore those products were manufactured by York at the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1) (*Id.*).

By their Joint Motion, Plaintiff and Defendant York ask this Court to dismiss just Defendant York from this matter pursuant to Federal Rule of Civil Procedure 41(a)(2). However, a plain reading of Rule 41(a) suggests that dismissal under this rule should be used only to dismiss "an action" rather than a particular claim against a particular defendant. *See* Fed. R. Civ. P. 41(a). Accordingly, the Seventh Circuit has consistently instructed that "Rule 41(a) should be limited to dismissal of an entire action," "'which is to say, the whole case.'" *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). When seeking to cleave away particular claims or parties from a larger case, plaintiffs should proceed under Rule 15(a) and file an amended complaint or seek leave to do so as may be required. *See Taylor*, at 858 (citing Fed. R. Civ. P. 15(a)).

The Court acknowledges that other courts, including judges in this District, have found it appropriate to allow the dismissal of fewer than all the parties or claims under Rule 41(a) in appropriate circumstances. Possibly in recognition of the impracticality or burden of requiring the repeated filing of amended complaints each time a claim against a defendant is settled, some Courts have in the past determined that the interests of judicial economy may weigh in favor of using Rule 41(a) rather than Rule 15(a) to dismiss fewer than all the parties or claims. *See, e.g.*, *Hall et. al. v. Air & Liquid Systems Corp., et al.*, Case No. 15-CV-01344 (S.D. Ill. Sept. 23, 2016) (Rosenstengel, J.) (citing *Quad/Graphics, Inc.*

*v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case.")). Nevertheless, the Seventh Circuit has recently discouraged this practice, and instead urges compliance with the plain language of Rule 41. *See Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 n.4 (7th Cir. 2021) ("[W]e again remind parties and district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future.").

In light of those instructions, the Court finds it appropriate to abide by the plain language of Rule 41 here. The Joint Motion to Dismiss (Doc. 56) is therefore **DENIED, without prejudice**. Plaintiff should instead seek to dismiss particular parties or claims under Rule 15(a).

**SO ORDERED.**

Dated: April 18, 2022

_____
DAVID W. DUGAN
United States District Judge